**FILED**

**NOVEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6549**

| | |
|---|---|
| Susan Beilfus-Paul, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C |
| v. | ) |
| | ) Judge |
| | ) |
| Dermalogica, Inc., | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT

Now comes Plaintiff, Susan Beilfus-Paul by counsel, John O'Connor, Elizabeth Hubbard and Brian Ekstrom of Hubbard & O'Connor, Ltd., and complaining of Defendant Dermalogica, Inc., states as follows:

### NATURE OF CLAIM

1. This is an action seeking redress for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### PARTIES

2. Plaintiff Susan Beilfus-Paul ("Plaintiff") is a female citizen of the United States and a resident of Beecher, Illinois.

3. Defendant Dermalogica, Inc. is a California based corporation, doing business world wide, including Cook County, Illinois. Defendant Dermalogica, Inc. is an employer within the meaning of Title VII of the Civil Rights Act and has, at all relevant times, employed in excess of five hundred (500) employees.

JURISDICTIONAL AND VENUE STATEMENT

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure the protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000(e)-5(f)(3).

6. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

PROCEDURAL REQUIREMENTS

7. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII as amended by the Civil Rights Act of 1991. She timely filed a Charge of Discrimination against Defendant Dermalogica, Inc. with the Equal Employment Opportunity Commission ("EEOC") in September, 2006, received a Right to Sue letter from the EEOC on August 23, 2007 and filed this action within 90 days of receipt thereof.

FACTUAL ALLEGATIONS

8. Plaintiff commenced employment with Defendant on March 29, 2004 as a district sales manager, reporting to the regional manager, Michele Fenske and the Vice President Glenn Poy.

9. Plaintiff was employed by Defendant until March 9, 2006, on which date she was involuntarily terminated from employment.

10. In December, 2004 Plaintiff received a raise of $1,500.00 annually based on her performance, as well as a bonus based on her management of her district, in the amount of approximately $2,800.00.

2

11. By April, 2005, Plaintiff's new manager was Rosalie Benassi-LaRocco. During that month, Plaintiff met for the first time with Benassi-LaRocco, in Los Angeles, California.

12. During the meeting in Los Angeles, Plaintiff advised Benassi-LaRocco, in confidence, that she was pregnant and that there may be medical complications.

13. At the time, Benassi-LaRocco's supervisor was Glenn Elliott, Vice President.

14. Within a week of the Los Angeles meeting, Plaintiff's co-workers were discussing her pregnancy and her medical condition, which Plaintiff reported to Rhondda Reid in Defendant's human resources office.

15. Benassi-LaRocco admitted to advising Glenn Elliott of Plaintiff's pregnancy.

16. On June 7, 2005, Benassi-LaRocco told Plaintiff that she was not held in high regard by her superiors because she was now pregnant and because she had previously filed a worker's compensation action. Plaintiff reported this comment to human resources at Defendant which took no action.

17. During a company sales meeting in July 2005, the owner of Defendant, Raymond Wurland, expressed frustration over overall company sales numbers and the deficiency was explained to be caused, according to Glenn Elliott, by the fact that more employees than ever were taking leaves of absence. During this meeting, Plaintiff announced she was pregnant.

18. On August 22, 2005, Plaintiff furnished a medical note to Benassi-LaRocco, which stated that she could no longer safely travel for business. Benassi-LaRocco advised Plaintiff not to advise human resources, but that Benassi-LaRocco would forward the note.

19. Plaintiff subsequently learned that this note was never forwarded to human resources.

20. By September, 2005, Benassi-LaRocco had initiated interviews with a possible replacement for Plaintiff, stating to Plaintiff "Well, what if you don't return?"

21. By October, 2005, Plaintiff had developed dangerously high blood pressure and other high risk conditions due to her pregnancy and went on medical leave.

22. By January, 2006, Benassi-LaRocco announced that she intended to make life difficult for Plaintiff and that with a new baby, Plaintiff would probably quit.

23. At the same time, Benassi-LaRocco announced Aaron Sonnenshein as a new employee, who in fact ultimately replaced Plaintiff.

24. During January, 2006, Benassi-LaRocco told Plaintiff that she should take the first quarter of the year off, because she now had Aaron Sonnenshein as an employee. Plaintiff realized that her leave entitlements would expire and she would have no Family and Medical Leave Act protection if she took this suggestion.

25. On February 6, 2006, Plaintiff returned from pregnancy and disability leave.

26. On February 9, 2006, Plaintiff was given a very negative performance evaluation by Glenn Elliot and Benassi-LaRocco during which meeting, Elliott told Plaintiff that he perceived there were employees who were "with" him or "against" him and that Plaintiff had missed important meetings because of her pregnancy.

27. Between March 3-6, 2006, Plaintiff attended the Chicago trade show where Defendant had a booth. During the trade show, Benassi-LaRocco told Plaintiff that she should just quit and have her husband support her in a manner that she has become accustomed.

28. On March 8, 2006, Plaintiff contacted Glenn Elliott to utilize the Defendant's "open door" policy of addressing employee concerns, as Plaintiff was concerned about Benassi-LaRocco's comments to her.

29. On March 9, 2006, Plaintiff was contacted on a conference call by Glenn Elliott, Benassi-LaRocco and Denise Venditti of human resources and told she was being terminated.

30. On March 10, 2006, Plaintiff was replaced by Aaron Sonnenshein, a male.

31. Defendants' unlawful actions taken herein were willful, wanton, malicious, and taken with the intent to deprive Plaintiff of her right to be free from unlawful conduct and with reckless indifference to Plaintiff's right to be free from unlawful conduct.

## COUNT I – PREGNANCY DISCRIMINATION

32. Plaintiff restates the allegations contained in Paragraphs 1-31 of this Complaint as Paragraph 32 of this Count I.

33. Defendant subjected Plaintiff to pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

34. Defendant's actions aforesaid were taken with the intent to deprive Plaintiff of her right to be free of sex discrimination and / or in reckless disregard of her right to be free of discrimination.

35. Defendant engaged in policies and practices which willfully, intentionally and unlawfully discriminated against Plaintiff on the basis of her pregnancy, in that it terminated Plaintiff due to her sex and her pregnancy and replaced Plaintiff with a male.

36. Defendant's conduct in discharging Plaintiff violates Title VII of the Civil Rights Act of 1964, as amended.

37. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer economic and non-economic damages including, but not limited to, lost wages and benefits, emotional pain and suffering, loss of career advancement, loss of enjoyment of life, inconvenience, medical costs and other economic and non-economic damages.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant Dermalogica, Inc. and grant to her all relief available pursuant to Title VII, including, but not limited to injunctive relief, economic damages, compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II – RETALIATION

38. Plaintiff restates the allegations contained in Paragraphs 1-31 of this Complaint as Paragraph 38 of this Count II.

39. Defendant Dermalogica, Inc. unlawfully retaliated against Plaintiff, as set forth above, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

40. Defendant Dermalogica, Inc.'s actions aforesaid were taken with the intent to deprive Plaintiff of her right to be free of sex discrimination and retaliation and / or in reckless disregard of her right to be free of discrimination and retaliation.

41. As a result of Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer economic and non-economic damages including, but not limited to, loss of career opportunity, emotional pain and suffering, loss of enjoyment of life, inconvenience and other economic and non-economic damages.

6

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant Dermalogica, Inc. and grant to her all relief available pursuant to Title VII, including, but not limited to injunctive relief, economic damages, compensatory damages, punitive damages, attorneys' fees and costs.

Respectfully submitted,

Susan Beilfus-Paul, Plaintiff

Attorney for Plaintiff

John O'Connor
Elizabeth Hubbard
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson
Six West
Chicago, Illinois 60607
312.421.5960

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Susan Beilfus-Paul, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C |
| v. | ) |
| | ) Judge |
| | ) |
| Dermalogica, Inc., | ) |
| | ) |
| Defendant. | ) JURY DEMAND |
| | ) |

## JURY DEMAND

Plaintiff, Susan Beilfus-Paul, hereby demands a jury on all counts of her

complaint.

Respectfully submitted,

Susan Beilfus-Paul, Plaintiff

Attorney for Plaintiff

Elizabeth Hubbard
John O'Connor
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson
Six West
Chicago, Illinois 60607
312.421.5960