**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN BEILFUS-PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6549 |
| | ) | |
| DERMALOGICA, INC., | ) | Judge Leinenweber |
| | ) | |
| Defendant. | ) | Magistrate Judge Schenkier |

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, DERMALOGICA, INC., by and through its attorneys, NIELSEN, ZEHE & ANTAS, P.C., and for its Answer to Plaintiff's Complaint, states as follows:

**NATURE OF CLAIM**

1. This is an action seeking redress for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

**PARTIES**

2. Plaintiff Susan Beilfus-Paul ("Plaintiff") is a female citizen of the United States and a resident of Beecher, Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3. Defendant Dermalogica, Inc. is a California based corporation, doing business world wide, including Cook County, Illinois. Defendant Dermalogica, Inc. is an employer within the

meaning of Title VII of the Civil Rights Act and has, at all relevant times, employed in excess of five hundred (500) employees.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

### JURISDICTIONAL AND VENUE STATEMENT

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure the protection of and to redress deprivation of rights secured by 42 U.S.C § 2000(e)-5(f)(3).

**ANSWER:** **Defendant admits that there was such a statute in effect and that said statute speaks for itself.**

6. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

**ANSWER:** **Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

### PROCEDURAL REQUIREMENTS

7. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII as amended by the Civil Rights Act of 1991. She timely filed a Charge of Discrimination against Defendant Dermalogica, Inc. with the Equal Employment Opportunity Commission ("EEOC") in September, 2006, received a Right to Sue letter from the EEOC on August 23, 2007 and filed this action within 90 days of receipt thereof.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

### FACTUAL ALLEGATIONS

8. Plaintiff commenced employment with Defendant on March 29, 2004 as a district sales manager, reporting to the regional manager, Michele Fenske and the Vice President Glen Poy.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9. Plaintiff was employed by Defendant until March 9, 2006, on which date she was involuntarily terminated from employment.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

10. In December, 2004 Plaintiff received a raise of $1,500.00 annually based on her performance, as well as a bonus based on her management of her district, in the amount of approximately $2,800.00.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

11. By April, 2005, Plaintiff's new manager was Rosalie Benassi-LaRocco. During that month, Plaintiff met for this first time with Benassi-LaRocco, in Los Angeles, California.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

12. During the meeting in Los Angeles, Plaintiff advised Benassi-LaRocco, in confidence, that she was pregnant and that there may be medical complications.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13. At the time, Benassi-LaRocco's supervisor was Glenn Elliott, Vice President.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14. Within a week of the Los Angeles meeting, Plaintiff's co-workers were discussing her pregnancy and her medical condition, which Plaintiff reported to Rhondda Reid in Defendant's human resource office.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15. Benassi-LaRocco admitted to advising Glen Elliott of Plaintiff's pregnancy.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

16. On June 7, 2005, Benassi-LaRocco told Plaintiff that she was not held in high regard by her supervisors because she was now pregnant and because she had previously filed a worker's compensation action. Plaintiff reported this comment to human resources at Defendant which took no action.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17. During a company sales meeting in July 2005, the owner of Defendant, Raymond Wurland, expressed frustration over overall company sales numbers and deficiency was explained to be caused, according to Glenn Elliott, by the fact that more employees than ever were taking leaves of absence. During this meeting, Plaintiff announced she was pregnant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18. On August 22, 2005, Plaintiff furnished a medical note to Benassi-LaRocco, which stated that she could no longer safely travel for business. Benassi-LaRocco advised Plaintiff not to advise human resources, but that Benassi-LaRocco would forward the note.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19. Plaintiff subsequently learned that this note was never forwarded to human resources.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20. By September, 2005, Benassi-LaRocco had initiated interviews with a possible replacement for Plaintiff, stating to Plaintiff "Well, what if you don't return?"

**ANSWER:** **Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

21. By October, 2005, Plaintiff had developed dangerously high blood pressure and other high risk conditions due to her pregnancy and went on medical leave.

**ANSWER:** **Defendant admits Plaintiff went on medical leave in October, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.**

22. By January, 2006, Benassi-LaRocco announced that she intended to make life difficult for Plaintiff and that with a new baby, Plaintiff would probably quit.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23. At the same time, Benassi-LaRocco announced Aaron Sonnenshein as a new employee, who in fact ultimately replaced Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. During January, 2006, Benassi-LaRocco told Plaintiff that she should take the first quarter of the year off, because she now had Aaron Sonnenshein as an employee. Plaintiff realized that her leave entitlements would expire and she would have no Family and Medical Leave Act protection if she took this suggestion.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25. On February 6, 2006, Plaintiff returned from pregnancy and disability leave.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26. On February 9, 2006, Plaintiff was given a very negative performance evaluation by Glenn Elliot and Benassi-LaRocco during which meeting, Elliott told Plaintiff that he perceived there were employees who were "with" him or "against" him and that Plaintiff had missed important meetings because of her pregnancy.

**ANSWER:** **Defendant admits that Plaintiff received a negative 2005 performance evaluation in or about February 2006. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. Between March 3-6, 2006 Plaintiff attended the Chicago trade show where Defendant had a booth. During the trade show, Benassi-LaRocco told Plaintiff that she should just quit and have her husband support her in a manner that she has become accustomed.

**ANSWER:** **Defendant admits that Plaintiff attended the Chicago trade show. Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. On March 8, 2006, Plaintiff contacted Glenn Elliott to utilize the Defendant's "open door" policy of addressing employee concerns, as Plaintiff was concerned about Benassi-LaRocco's comments to her.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

29. On March 9, 2006, Plaintiff was contacted on a conference call by Glenn Elliott, Benassi-LaRocco and Denise Venditti of human recourses and told she was being terminated.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.**

30. On March 10, 2006, Plaintiff was replaced by Aaron Sonnenshein, a male.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.**

31. Defendant's unlawful actions taken herein were willful, wanton, malicious, and taken with the intent to deprive Plaintiff of her right to be free from unlawful conduct and with reckless indifference to Plaintiff's right to be free from unlawful conduct.

**ANSWER:  Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

## COUNT I – PREGNANCY DISCRIMINATION

32. Plaintiff restates the allegations contained in Paragraph 1-31 of this Complaint as Paragraph 32 of this Count I.

**ANSWER:  Defendant reaffirms and re-alleges its Answers to allegations numbered 1-31, as if fully restated herein and incorporate them herein by reference.**

33. Defendant subjected Plaintiff to pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**ANSWER:  Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34. Defendant's actions aforesaid were taken with the intent to deprive Plaintiff of her right to be free of sex discrimination and/or in reckless disregard of her right to be free of discrimination.

**ANSWER:  Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.**

35. Defendant engaged in policies and practices which willfully, intentionally and unlawfully discriminated against Plaintiff on the basis of her pregnancy, in that it terminated Plaintiff due to her sex and her pregnancy and replaced Plaintiff with a male.

**ANSWER:  Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.**

36. Defendant's conduct in discharging Plaintiff violates Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:   Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.**

37. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer economic and non-economic damages including, but not limited to, lost wages and benefits, emotional pain and suffering, loss of career advancement, loss of enjoyment of life, inconvenience, medical costs and other economic and non-economic damages.

**ANSWER:   Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.**

WHEREFORE, the Defendant, DERMALOGICA, INC., denies that the Plaintiff is entitled to any relief and instead prays that the Court dismiss the Plaintiff=s Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

## COUNT II - RETAILIATION

38. Plaintiff restates the allegations contained in Paragraphs 1-31 of this Complaint as Paragraph 38 of this Count II.

**ANSWER:   Defendant reaffirms and re-alleges its Answers to allegations numbered 1-31, as if fully restated herein and incorporate them herein by reference.**

39. Defendant Dermalogica, Inc. unlawfully retaliated against Plaintiff, as set forth above, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**ANSWER:   Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.**

40. Defendant Dermalogica, Inc.'s actions aforesaid were taken with the intent to deprive Plaintiff of her right to be free of sex discrimination and retaliation and/or in reckless disregard of her right to be free of discrimination and retaliation.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.**

41. As a result Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer economic and non-economic damages including, but not limited to, loss of career opportunity, emotional pain and suffering, loss of enjoyment of like, inconvenience and other economic and non-economic damages.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.**

WHEREFORE, the Defendant, DERMALOGICA, INC., denies that the Plaintiff is entitled to any relief and instead prays that the Court dismiss the Plaintiff's Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, DERMALOGICA, INC., by and through its attorneys, Jeffrey R. Zehe and Joanne M. Rogers of NIELSEN, ZEHE & ANTAS, P.C., and for its affirmative defenses, state as follows:

1. Plaintiff was discharged for legitimate, non-discriminatory reasons in that her job performance did not meet her employer's legitimate expectations. Specifically, Plaintiff's region failed to meet forecasted sales/account growth. Plaintiff micromanaged her sales team without supporting them. Her demeaning and intimidating management style was not conducive to the growth and development of her team but rather lead to discord among the team including the loss of Business Consultants (sales reps). Plaintiff's attitude and demeanor negatively impacted the business relationships that her team had worked to establish. Additionally, Plaintiff engaged in several unauthorized employment actions concerning member of her sales team.

2.  Plaintiff failed to mitigate her damages.

WHEREFORE, Defendant DERMALOGICA, INC., denies that Plaintiff Susan Beilfus-Paul is entitled to the relief sought or any amount whatsoever, and requests that this Court enter an order of judgment in its favor and against the Plaintiff and further requests that this Court award it all of its costs.

The Defendant hereby demands a trial by jury.

                                             **s/Joanne M. Rogers**
Jeffrey R. Zehe
Joanne M. Rogers
Attorney for Defendant
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
Tel:    (312) 322-9900
Fax:    (312) 322-9977
Email: jzehe@nzalaw.com
       jrogers@nzalaw.com